UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINCENT KEITH RAINES,
    Plaintiff,

-v-

1-13-CV-201-MW-GRS

ASSET RECOVERY SOLUTIONS
    Defendant.

## COMPLAINT

PLAINTIFF, VINCENT KEITH RAINES, hereby sues DEFENDANT, ASSET RECOVERY SOLUTIONS , and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C.§1681 et seq.; and for damages for violations of the Fair Debt Collection Practice Act (FDCPA) 15 U.S.C.§1692 et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C.§1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C.§1391b.

4. All conditions precedent to the bringing of this action have been preformed, waived, or execused.

### FACTUAL ALLEGATIONS

5. The conditions to obtain permissible purpose to make a pull of PLAINTIFF's consumer report, as per FCRA 15 U.S.C.§1681b, are not being met by the DEFENDANT.

6. Since October 26, 2013, PLAINTIFF's TRANS UNION consumer report keeps showing a non-permissible purpose pull, that PLAINTIFF is not authorizing, being made by the DEFENDANT. (See Exhibit A)

7. On April 29, 2013, an Unauthorized Credit Inquiry letter (See Exhibit C) was sent via certified mail letter #7004 2890 0001 1076 4971, requesting to have inquiry removed by DEFENDANT and to send proof of permissible purpose to PLAINTIFF.

8. PLAINTIFF is in possession of a signed confirmation receipt, from the USPS for the certified mail letter #7004 2890 0001 1076 4971 , requesting to have inquiry removed by DEFENDANT and to send proof of permissible purpose to PLAINTIFF. (See Exhibit C)

9. On May 28, 2013, a Notice Of Pending Lawsuit (See Exhibit D) was sent via



certified mail letter #7013 0600 0002 3297 8945, offering an opportunity to amicably settle violations to the FCRA and FDCPA outside of court, to DEFENDANT.

10. PLAINTIFF is in possession of a signed confirmation receipt, from the USPS for the certified mail letter #7013 0600 0002 3297 8945 , Notice of Pending Lawsuit, dated May 28, 2013, being evidence and confirmation that this letter was received by DEFENDANT. (See Exhibit D)

11. PLAINTIFF respectfully comes, and asks, and demands to this Court, remedy to all FCRA violations, against PLAINTIFF, being committed by DEFENDANT.

VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C.§1681<br>**WILLFUL NON-COMPLIANCE BY DEFENDANT**

12. Paragraphs 1 through 11 are re-alleged as though fully set forth herein.

13. The definition of a "consumer", within the meaning of FCRA 15 U.S.C. §1681(c), describes the PLAINTIFF.

14. The definition of a "corporation", within the meaning of FCRA 15 U.S.C.§1681(b), describes the DEFENDANT.

15. The conditions to obtain permissible purpose to make a pull of PLAINTIFF's consumer report, as per FCRA 15 U.S.C.§1681b, are not being met by DEFENDANT.

16. PLAINTIFF's TRANS UNION consumer report keeps showing non-permissible purpose inquiries/pulls, that PLAINTIFF is not authorizing, that are being made by DEFENDANT.

**WHEREFORE**, PLAINTIFF demands judgment for the damages in the amount of $2,000 for actual or statutory damages, attorney's fees and costs, pursuant to FCRA 15 U.S.C.§1681n against DEFENDANT.

COUNT II<br>**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

17. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

18. The definition of a "consumer", within the meaning of FDCPA, 15 U.S.C. §1692a(3), describes the PLAINTIFF.

19. The definition of a "debt collector", within the meaning of FDCPA 15 U.S.C.§1692a(6), describes the DEFENDANT.

20. DEFENDANT violated the FDCPA. DEFENDANT's violations include, but are not limited to the following;

    (a) DEFENDANT violated 15 U.S.C.§1692e(2) by falsely representing

the character, amount, or legal status of any alleged debt.

(b) DEFENDANT violated 15 U.S.C.§1692f by the use of unfair and unconscionable means to collect or attempt to collect an alleged debt.

(c). DEFENDANT violated 15 U.S.C.§1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any alleged debt or obtain information concerning a consumer.

**WHEREFORE,** PLAINTIFF demands judgment for damages against DEFENDANT, and $2,000 for actual or statutory damages, and punitive damages, attorney's fees and costs pursuant to FCRA 15 U.S.C.§1681n(a)(3), and FDCPA 15 U.S.C.§1692k.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demand a trial by jury of all issues so triable as a matter of law.

DATED:

Respectfully Submitted,

*Vincent Keith Raines*
VINCENT KEITH RAINES, Pro-Se
Reg. No.:20304-017
P.O.Box 5888 Yazoo City FCC MED
Yazoo City, MS 39194-5888

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing lawsuit was provided for Service TO THE Clerk of the Court by United States Postal Service this 2nd day of October , Year of Our Lord 2013.

*Vincent Keith Raines*
VINCENT KEITH RAINES, Pro -Se

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Pursuant to 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is required prior to initiating a civil rights action which alleges unlawful conditions or events in any prison, jail, or detention center.  Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV.    PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
    Yes( )                    No(XX)

  1.  Parties to previous action:
      (a) Plaintiff(s): _____N/A_____
      (b) Defendant(s): _____N/A_____
  2.  Name of judge: ___N/A___        Case #: ___N/A___
  3.  County and judicial circuit: N/A
  4.  Approximate filing date: ___N/A___
  5.  If not still pending, date of dismissal: ___N/A___
  6.  Reason for dismissal: _____N/A_____
  7.  Facts and claims of case: _____N/A_____

    **(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

    Yes( )                    No(XX)

  1.  Parties to previous action:
      a.  Plaintiff(s): ___N/A___
      b.  Defendant(s): ___N/A___
  2.  District and judicial division: ___N/A___
  3.  Name of judge: ___N/A___        Case #: ___N/A___
  4.  Approximate filing date: ___N/A___
  5.  If not still pending, date of dismissal: ___N/A___
  6.  Reason for dismissal: ___N/A___

3

7. Facts and claims of case: N/A _____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( X )          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): -Please See Attached "Acknowledgment Previous Lawsuits" pages 1 & 2"-
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ) Not Known at Time No( ) (See Attached "Acknowledgment Previous Lawsuits" pages 1 & 2)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINCENT KEITH RAINES,
    Plaintiff,

-v-

ASSET RECOVERY SOLUTIONS
    Defendant.

### ACKNOWLEDGMENT OF PREVIOUS LAWSUITS

COMES NOW, VINCENT KEITH RAINES, Pro-Se litigant in the above entitled lawsuit, and hereby Affirms, Attest, and States for the record and District Court:

1. This is an claim under the Fair Credit Reporting Act (FCRA) 15 U.S.C.§1681; and under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.§1692.

2. PLAINTIFF has **NOT** initiated other actions in Federal Court dealing with the same or similar facts/issues involved in this action.

3. PLAINTIFF has **NOT** initiated other actions in State Court dealing with the same or similar facts/issues involved in this action.

4. PLAINTIFF has previously initiated State and Federal Habeas Corpus petitions challenging unrelated criminal actions against PLAINTIFF in case number #1:04-CR-00028-AK/SPM via legally cogizant procedures under 28 U.S.C.§2254/§2255.

5. PLAINTIFF initiated an habeas corpus under 28 U.S.C. §2255 in or about August 2008; March 2009; and May 2011 as his federal law right to seek review of a federal sentencing procedure in case number 1:04-CR-00028-Ak/SPM U.S. District Court, Northern District Of Florida's Gainesville Division. Each §2255 Habeas Corpus was ruled "Denied As Untimely" by this Court in United States v. Vincent Keith Raines.

6. PLAINTIFF initiated an action/habeas corpus pursuant to 28 U.S.C §2254 in the Raines v. Sec.'y DOC, in June 2011 with the Middle District of Florida Tampa Division. The habeas corpus was "Denied as Untimely".

7. PLAINTIFF initiated action under 28 U.S.C. §2254, in February 2012, Raines v. Sec.'y Dept. Of Corr.s, challenging prior state felonies in this very court. The habeas corpus was "Denied As Untimely", by District Judge G.J. Rodgers/Stephan P. Mickle.

  8. PLAINTIFF has also initiated petitions pursuant to 18 U.S.C. §3582(c)(2) MOTION FOR REDUCTION OF SENTENCE, pursuant to the number of the United States Sentencing Commission's Amendments 709/750 Fair Sentencing Act, in case number 1:04-CR-00028-GRJ/SPM. These petitions were "Denied" for PLAINTIFF's lack of eligibility.

  9. PLAINTIFF presently has before this District Court, an Motion For Enlargement of Time, for PLAINTIFF's petition for Reduction Of Sentence pursusant to this Court's Denial of PLAINTIFF's 18 U.S.C.§3582(c)(2) filed in July/August 2013.

  10. PLAINTIFF is not aware of any other actions he may have filed in federal court which may or may not have been dismissed as frivolous, malicious, failing to state a claim or prior to service.

  PLAINTIFF further brings to the Court's attention that, PLAINTIFF is filing this action in Pro-Se. Pro Se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251(1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652(1972)). At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

  **WHEREFORE,** PLAINTIFF respectfully submits "ACKNOWLEDGMENT OF PREVIOUS LAWSUITS" and request the Court to GRANT submission and Incorporate same into this action.

  Done this 2nd day of October , of our LORD 2013 A.D.

  Respectfully Submitted,

  *Vincent Keith Raines*
  VINCENT KEITH RAINES

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY, that a true and correct copy of the foregoing "ACKNOWLEDGMENT OF PREVIOUS LAWSUITS", has been provided to the Clerk of Court via U.S. Postal Service this 2nd day of October , of Our LORD 2013 A.D.   *Vincent Keith Raines*
                      VINCENT KEITH RAINES, Pro-Se
                       Reg. No.:20304-017
                       P.O.Box 5888 Yazoo City FCC MED
                       Yazoo City, MS 39194-5888

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

PLAINTIFF's claims arise under the Fair Debt Collection Act (FDCPA) 15 U.S.C.§1692 and The Fair Credit Reporting Act (FCRA) 15 U.S.C.§1681:

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

-SEE ORIGINAL PRO-SE COMPLAINT-

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

October 2, 2013
(Date)

_Vincent K. Kainis_
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _2nd_ day of _October_, 20 _13_.

_Vincent K. Kainis_
(Signature of Plaintiff)

Revised 03/07

7